UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **FELECIA ALLEN,** | Civil Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **OCWEN LOAN SERVICING, LLC,** | Jury Demand |
| Defendant. | |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed hundreds of autodialed calls to Plaintiff's cellular telephone number in an attempt to collect a debt allegedly owed by Plaintiff.

3. Plaintiff never provided Defendant with prior express consent to make these telephone calls.

4. Furthermore, Plaintiff expressly and repeatedly told Defendant to stop calling.

5. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because its actions giving rise to the

claim were targeted at this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## PARTIES

9. Plaintiff is a citizen and resident of Millington, Shelby County, Tennessee.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. On January 31, 2018, Plaintiff timely opted out of the settlement in *Snyder v. Ocwen Loan Servicing, LLC*, Case No. 14-cv-08461 (N.D. Ill.).

12. Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") is, and at all times mentioned herein was, a Florida limited liability company with its principle place of business located at 1661 Worthington Road Suite 100, West Palm Beach, Florida 33409.

13. Defendant Ocwen is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

14. Defendant has placed hundreds of calls to Plaintiff's cellular telephone number ending in 0255.

15. Upon information and belief, these calls began prior to October 27, 2010, but due to the statute of limitations and the tolling pursuant to the *Snyder v. Ocwen* class action, which was filed on October 27, 2014, Plaintiff only seeks damages for calls dating back to October 27, 2010.

16. These calls were all to collect a debt allegedly owed by Plaintiff.

17. Plaintiff never gave Defendant prior express consent to make these calls to her cellular telephone.

18. In fact, Plaintiff specifically told Defendant on several occasions to stop calling, or words to that effect.

19. Upon information and belief, Defendant records its calls, and was under an obligation to preserve such recordings related to putative class members in the *Snyder v. Ocwen* matter, so Defendant should have documentation of Plaintiff's requests.

20. Nonetheless, despite not having consent in the first place *and* despite Plaintiff's requests that Defendant stop calling, Defendant continued to call.

21. All of the calls calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Specifically, Defendant used a dialer provided by Aspect Software, Inc. ("Aspect Dialer") which has been repeatedly found to be an "automatic telephone dialing system" under the TCPA.

23. This is evidenced by the volume of the calls and the inability to stop the calls.

24. According to a filing in the *Ocwen* class action, Defendant used the Aspect Dialer to place nearly 2.5 million calls per month or 172 calls per minute, seven days a week, from January 2011 to December 2015.

25. The Aspect Dialer has the capacity to store or produce telephone numbers to be called and to dial such numbers.

26. Defendant's actions in making telephone calls using an automatic telephone dialing system to Plaintiff before obtaining prior express consent and continuing to call after any such consent it believed it had was revoked, violate 47 U.S.C. § 227(b).

27. Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition and continued to do so after being asked to stop, requests which Defendant ignored and/or failed to record.

28. Plaintiff has suffered concrete harm because of Defendant's telephone calls, including, but not limited to, tying up her telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of her privacy by calls continuing after she asked Defendant to stop calling, aggravation, and nuisance.

29. These forms of concrete harm are sufficient for Article III standing purposes.

30. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

31. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

32. Pursuant to the settlement agreement in the *Ocwen* class action, if Defendant is found to be liable for a TCPA violation where a plaintiff had revoked consent and Defendant continued to call, Defendant has agreed to pay $1,000 per call for the first 10 calls, $1,250 for calls 11-50, and $1,500 for each additional call beyond 50.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant placed calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop.

35. Plaintiff's telephone number is assigned to a cellular telephone service.

36. As alleged, these calls all used an "automatic telephone dialing system."

37. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rena Johnson prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory or contractual damages;

D. An award of treble damages;

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** February 21, 2018

T. Blaine Dixon
**FENDLEY & ETSON**
The Poston Building
128 Public Square
Clarksville, Tennessee 37040
Tel:  931.245.4357
Fax: 931.245.0343
blaine@fendleylaw.com


Kaelyn Steinkraus, Esq.
**Law Office of Michael A. Ziegler, P.L**
13575 58th St N #129,
Clearwater, Florida 33760
Tel: 727.538.4188
Fax: 727.362.4788
jmg@glapionlaw.com
(Pro Hac Vice to be filed)